BEECHRIDGE DEVELOPMENT COMPANY, LLC v. LAURENCE E. DAHNERS, ELEANOR S. DAHNERS, TERRY R. KITSON, PAULA A. SHERMAN, DAVID B. CRAIG, Trustee, BANCPLUS MORTGAGE CORPORATION, JANE F. BURRILL, JOHN S. BURRILL, TIM, INC., Trustee, NATIONSBANK OF NORTH CAROLINA, NA, and ORANGE WATER AND SEWER AUTHORITY

No. 101A99

(Filed 25 June 1999)

**Easements— public easement—sanitary sewer line**

A "public easement" on the recorded plat of defendant's property included use of the easement for a sanitary sewer line to serve plaintiff's adjacent property.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 132 N.C. App. ——, 511 S.E.2d 18 (1999), reversing a judgment signed 24 October 1997 by Battle, J., in Superior Court, Orange County. Heard in the Supreme Court 12 May 1999.

*Northen Blue, LLP, by David M. Rooks, III, for plaintiff-appellant.*

*Beemer, Savery & Hadler, by Wayne R. Hadler and Jeffrey A. Jones; and Rightsell, Eggleston & Forrester, LLP, by Donald P. Eggleston, for defendant-appellees Laurence and Eleanor Dahners, Terry Kitson, Paula Sherman, and Jane and John Burrill.*

BEECHRIDGE DEV. CO. v. DAHNERS

[350 N.C. 583 (1999)]

PER CURIAM.

Plaintiff Beechridge Development Company acquired an un-developed tract of property adjacent to defendants' Morgan Creek Hills property. Plaintiff intended to use a "public easement" found on the recorded plat to defendants' property for the installation of a san-itary sewer line to service plaintiff's tract. Using extrinsic evidence, the trial court found in favor of plaintiff, concluding that "Morgan Creek Hills . . . intended the recording of the Plat to be an offer of dedication of the Easement described on the Plat as a public ease-ment for acceptance as a sanitary sewer easement." The Court of Appeals reversed the trial court's order, holding that the trial court erred by relying on extrinsic evidence when the plain language of defendants' recorded plat did not allow for a sanitary sewer line within the parameters of the term "public easement." *Beechridge Dev. Co. v. Dahners*, 132 N.C. App. 181, ——, 511 S.E.2d 18, 21 (1999). We reverse.

The term "public easement" is neither ambiguous nor silent as to the scope of an easement. "[A] public easement is one the right to the enjoyment of which is vested in the public generally or in an entire community; such as an easement of passage on the public streets and highways or of navigation on a stream." BLACK'S LAW DICTIONARY 510 (6th ed. 1990). This encompasses a wide variety of public uses, including a sanitary sewer line. *See* 11A Eugene McQuillen, THE LAW OF MUNICIPAL CORPORATIONS § 33.74, at 513 (3d ed. 1991). Accordingly, there is no need to resort to extrinsic evidence because this was a public easement, thus including a sanitary sewer line.

Therefore, we reverse the decision of the Court of Appeals and remand to that court for further remand to the Superior Court, Orange County, for entry of an order consistent with this opinion.

REVERSED AND REMANDED.